IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WALLACE LOHMANN                    )
                                   )
            Plaintiff,             )  No. 1:05-cv-01976 (HHK)
                                   )
        v.                         )
                                   )
UNITED STATES,                     )
                                   )
            Defendant.             )

**UNITED STATES' MOTION TO DISMISS**

Under Fed.R.Civ.P. 12(b)(1), (3), and (6), the United States respectfully requests

that the Court dismiss this action.  As grounds for this motion, the United States asserts

that this Court lacks subject-matter jurisdiction over plaintiff's tax refund claims, venue

in this Court is improper, and  the Anti-Injunction Act bars the injunctive relief plaintiff

seeks.

Specifically, plaintiff failed to allege that he has paid the federal taxes due and

filed a claim for refund.  Both are required before the United States' sovereign

immunity is waived.  26 U.S.C. § 7422; Flora v. United States, 362 U.S. 145, 177 (1960).

Since plaintiff has not so alleged, this Court lacks subject-matter jurisdiction.  Moreover,

plaintiff is a resident of Minnesota (Compl. p. 1) and requests the refund of a federal tax

he alleges was illegally or erroneously collected.  (Compl. ¶ 32.)  Under 28 U.S.C.

§ 1402(a), venue is proper only in the judicial district in which the plaintiff resides.

Inasmuch as plaintiff is a resident of Minnesota, venue in this Court is lacking.  In

1483548.1

addition, plaintiff seeks to enjoin the Internal Revenue Service from engaging in any

further collection activity.  (Compl. ¶ 33.)  Under 26 U.S.C. § 7421(a), no suit may be

maintained restraining the assessment and collection taxes.  Thus, this Court may not

grant injunctive relief.  Finally, plaintiff has failed to state a claim.  Plaintiff has not

alleged sufficient facts to demonstrate he is entitled to any relief.

A supporting memorandum of law and proposed order are filed with this

motion.1/

Date: December 28, 2005.

Respectfully submitted,

  /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Telephone:  (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

---

1/    Also attached is a Notice of Related Cases, listing 13 cases which, save for the identity of the plaintiffs, are identical, or nearly identical, to plaintiff's complaint.

1483548.1                                   –  2  –

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WALLACE LOHMANN | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-01976 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS**

The relief plaintiff requests in his complaint is a refund of federal taxes he alleges were illegally or erroneously collected (Compl. ¶ 32), an order enjoining the Internal Revenue Service from engaging in further collection activity (Compl. ¶ 33), and unspecified damages for alleged violations of 26 U.S.C. § 7433 (First Am. Comp. ¶ 31). To the extent plaintiff seeks a "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds . . . . " (Compl. ¶ 32), and an order "enjoining the Internal Revenue Service . . . from engaging in any further collection activity . . . ." (Compl. ¶ 33), this Court cannot grant the requested relief.

This Court Lacks Subject-Matter Jurisdiction.

This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not allege that he has either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. See United States v. Dalm, 494 U.S. 596, 601-602 (1989) (a claim for refund is necessary

1483548.1                                  –  3  –

before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); <u>Flora v. United States</u>, 362

U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund);

<u>Vanskiver v. Rossotti</u>, 2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiff has the burden

to show that sovereign immunity has been waived.  <u>See</u>, <u>e.g.</u>, <u>Paradyne Corp. v. U.S.</u>

<u>Dept. of Justice</u>, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing <u>United States v. Sherwood</u>,

312 U.S. 584, 586 (1941)).

Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court

for the recovery of an internal revenue tax alleged to have been erroneously or illegally

assessed or collected . . . until a claim for refund or credit has been duly filed . . . ."  26

U.S.C. § 7422(a).  Since plaintiff has not even alleged that he filed a claim for refund,

this Court lacks jurisdiction.  <u>Dalm</u>, 494 U.S. at 601-602.

Likewise, plaintiff has not alleged that he has fully paid his tax liabilities.  On the

contrary, he seeks an injunction to prevent the Internal Revenue Service from collecting

the taxes due.  (<u>See</u> Compl. § 34.)  This request, in itself, implies that plaintiff has not

fully paid the taxes he seeks to recover — an implication fatal to a suit for refund.  <u>See</u>

<u>Flora</u>, 362 U.S. at 177.  In fact, plaintiff has outstanding unpaid tax assessments for years

1996 through 2000 as follows:

| Year | Outstanding Balance Due |
|------|-------------------------|
| 2001 | $ 4,055.82 |
| 2002 | 5,041.04 |
| 2003 | 1,835.15 |
|      | $10,932.01 |

(See attached Genis Decl. and exhibits 1-3.)2/

_____ Because plaintiff has not alleged that he filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over his claim for a refund.

### Venue Is Improper.

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper only in the judicial district in which the plaintiff resides.  Inasmuch as plaintiff is a resident of Minnesota (Compl. at 1), venue in this Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for lack of venue, or "in the interests of justice," to transfer it "to any district or division in which it could have been brought."   28 U.S.C. § 1406(a).  The interests of justice do not require transferring this case, and in fact weigh against it.  Plaintiff's complaint alleges no facts to warrant transfer.  As explained above, plaintiff's failure to allege that he filed a proper claim for refund or fully paid the taxes due deprives any federal court of subject-matter jurisdiction.  See Dalm, 494 U.S. at 601-602; Flora,  362 U.S. at 177.  Further, the complaint alleges inadequate facts to support a claim for damages under 26 U.S.C. § 7433, and no court has authority to grant plaintiff the injunctive relief he seeks.

---

2/      In deciding a Rule 12(b)(1) motion, the Court is not limited to the allegations in the complaint, but may also consider material outside of the pleadings in order to determine whether the Court has jurisdiction in the case.  See Nemariam v. Fed. Dem. Repl. of Ethiopia, __F.Supp.2d ____, 2005WL2979652, *3 (D.D.C. 2005), citing EEOC v. St. Francis Xavier parochial Sch., 117 F.3d 621, 624-625 n.3 (D.C. Cir. 1997).

Thus, because venue is lacking in this Court, and the interests of justice do not favor

transfer to Minnesota, the Court should dismiss this case.  See Fed. R. Civ. P. 12(b)(3).

<u>Plaintiff's Request for Injunction Is Barred by the Anti-injunction Act</u>.

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in

any further collection activities.  (Compl. ¶ 33.)  Such injunctive relief is barred by the

Anti-Injunction Act (26 U.S.C. § 7421)  The Act specifies that no court shall exercise

jurisdiction over a suit for the "purpose of restraining the assessment or collection of

any tax," as is the patent purpose of plaintiff's claim.  See 26 U.S.C. § 7421(a).  Thus, the

Act precludes this Court from exercising jurisdiction over any action, such as this one,

which seeks to enjoin the collection of taxes.  See <u>Foodservice & Lodging Institute, Inc.</u>

<u>v. Reagan</u>, 809 F.2d 842, 844-845 (D.C. Cir. 1987); <u>American Federation of Gov't</u>

<u>Employees, AFL-CIO v. United States</u>, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to

section 7421, the exception is inapplicable to the present case.  In <u>Enochs v. Williams</u>

<u>Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court decided that the

Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the

light most favorable to the government, under no circumstances could the government

prevail, and (2) equity jurisdiction otherwise existed.  See <u>Flynn v. United States</u>, 786

F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit

falls within the purview of the judicially-created exception to the Anti-Injunction Act.

<u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiff alleges that the Internal Revenue Service acted improperly with respect to his "federal tax beginning with 'tax year' 2001" (Compl. ¶ 1), but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief. Primarily he merely expresses his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.3/

As for the second prong, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. See, Foodservice & Lodging Institute, 809 F.2d at 844-845; Flynn , 766 F.2d at 598. Plaintiff can temporarily forestall collection — which is the ultimate relief he requests — by requesting a "collection due process hearing" with the Internal Revenue Service. See 26 U.S.C. § 6330. Moreover, he can fully pay the taxes and then file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which he can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the

---

        3/      As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund. See Flora, 362 U.S. at 177.

extraordinary circumstances that may justify issuing an injunction under the judicial

exception.  Thus, the Court should dismiss this case.

<u>Plaintiff Has Failed to State a Claim</u>.

Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seeks

unspecified damages (Compl. ¶ 31).   Plaintiff's complaint is legally insufficient, and

should be dismissed under Fed.R.Civ.P. 12(b)(6).  Section 7433 permits a taxpayer to

bring a civil action for damages against the government "[i]f, in connection with the

collection of federal tax with respect to a taxpayer, any officer or employee of the

Internal Revenue Service recklessly or intentionally disregards any provision of the

[Internal Revenue Code] or any regulation promulgated" thereunder.   26 U.S.C. § 7433.

Under Rule  8(a), a complaint need only contain a "short and plain statement of

the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  But, here,

there are no facts in the plaintiff's complaint to support a claim for damages, and thus,

this Court should conclude that he has not in fact stated such a claim.  For example,

plaintiff does not state what specific tax years are at issue, the type of tax, or the amount

in dispute.  In fact, no facts are alleged which establish that "any officer or employee of

the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]."  26

U.S.C. § 7433.  Because plaintiff has failed to state a claim upon which relief can be

granted, this Court should dismiss this case.

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiff's claims for a tax refund because plaintiff has failed to prove that he filed a claim for refund and paid the taxes due.  Likewise, the Anti-Injunction Act prohibits an injunction against the further collection of plaintiff's taxes.  Further, venue is not proper in this Court for a tax refund because plaintiff resides in Minnesota.  Finally, plaintiff has failed to state a claim.  For all these reasons, the Court should dismiss this action.

DATED:        December 28, 2005.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS #446244
Trial Attorney, Tax Division
United States Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney
555 4th Street, NW
Washington, DC 20001
Telephone: (202) 514-7566

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WALLACE LOHMANN | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-01976 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Having considered the UNITED STATES' MOTION TO DISMISS, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED; and it is further

ORDERED that this action be, and is, DISMISSED;  and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this _____ day of _____ 200_____.


_____
UNITED STATES DISTRICT JUDGE


1483548.1

Copies to:

Pat S. Genis
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

Wallace Lohmann
750 W. 3rd Street
Zumbrota, MN 55992

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WALLACE LOHMANN | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-01976 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the UNITED STATES' MOTION TO DISMISS, supporting

MEMORANDUM and proposed ORDER were served upon the following person on

December 28, 2005, by sending a copy by First Class mail, postage prepaid, addressed

as follows:

Wallace Lohmann
750 W. 3rd Street
Zumbrota, MN 55992

_____/s/ Pat S. Genis_____
PAT S. GENIS, #446244

1483548.1