UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALLACE LOHMANN,<br><br>     Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br>     Defendant. | Civil Action 05-01976 (HHK) |

**MEMORANDUM OPINION**

Wallace Lohmann, proceeding *pro se*, brings this suit against the United States, alleging numerous violations of the Internal Revenue Code by agents of the Internal Revenue Service ("IRS") in the assessment and collection of taxes beginning with "tax year" 2001. Lohmann seeks an award of damages for the IRS's alleged wrongful collection of federal taxes. The United States moves to dismiss this action on the grounds that this court is without subject matter jurisdiction because Lohmann assertedly failed to exhaust his administrative remedies prior to filing suit.[1] Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be granted.[2]

---

[1] The United States also moves to dismiss for failure to serve properly the United States. Because the court dismissed Lohmann's complaint for failure to state a claim, it need not resolve this alternative argument for dismissal.

[2] Lohmann's claim is virtually identical to those raised in a series of other cases filed in this district within the last year. This court has dismissed at least ten of these cases for a variety of reasons. *See, e.g., Turner v. United States*, 2006 WL 1071852 (D.D.C. Apr. 24, 2006) (dismissing for failure to state a claim); *Masterson v. United States*, 2006 WL 1102802 (D.D.C. Apr. 26, 2006) (same); *Evans v. United States*, 2006 WL 1174481 (D.D.C. May 4, 2006) (same); *Cooper v. United States*, 2005 WL 3707403 (D.D.C. Dec. 8, 2005) (dismissing for improper venue). However, the majority of these cases have been dismissed because the court concluded

**I.**

Lohmann alleges that, in connection with the assessment and collection of federal tax monies from "tax year" 2001 to the present, agents of the IRS "recklessly, intentionally or by reason of negligence disregarded and continue to disregard" numerous provisions of the Internal Revenue Code, 26 U.S.C. § 7433, and its corresponding IRS regulations, 26 C.F.R. § 301.7433-1. Am. Compl. ¶ 1.[3]

    *A. Exhaustion of Administrative Remedies*

The United States argues that dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate because this court lacks subject matter jurisdiction over this action due to Lohmann's failure to exhaust his administrative remedies. The United States is correct that Lohmann failed to exhaust his administrative remedies. However, the proper consequence of this failure is to dismiss this action under Rule 12(b)(6), rather than Rule 12(b)(1), due to Lohmann's failure to state a claim upon which relief can be granted.

The jurisdictional basis for this action is 26 U.S.C. § 7433 which states:

> (a) If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a).

---

that it lacked subject matter jurisdiction as a result of the plaintiffs' failure to exhaust their administrative remedies.

[3]     Lohmann filed his original complaint on October 5, 2005. After the United States moved to dismiss, Lohmann filed an amended complaint, which was docketed on February 5, 2006.

While seemingly a broad grant of jurisdiction, § 7433(d) provides an important limitation. Section 7433(d) requires a plaintiff who seeks to bring an action for damages in a U.S. District Court to exhaust her administrative remedies. Section 7433(d) could not be clearer. The court may not award damages "*unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433 (emphasis added).

The IRS regulations promulgated to implement § 7433(d) are quite specific. An administrative claim shall include:

> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
>
> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
>
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
>
> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence);
>
> (v) The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e).

Lohmann does not dispute that he did not follow the prescribed procedure. Instead, he contends that he exhausted his administrative remedies by "writ[ing] numerous requests for documents and authorities which require responses from the IRS," to which the IRS "fail[ed] and/or refus[ed] to respond." Am. Compl. ¶ 9. Such correspondence, however, is not sufficient to satisfy the statute's exhaustion provision. *See Evans v. United States*, 2006 WL 1174481, at

3

n.1 (D.D.C. May 4, 2006) (finding that "requesting information or a refund from the IRS is not a substitute for submitting a damages claim pursuant to § 301.7433-1(e)").

Lohmann suggests in his complaint that, even if he did not exhaust his administrative remedies, his failure to do so should be excused because, had he pursued the IRS-mandated procedure, his efforts would have been futile. According to Lohmann, the IRS showed an "unwillingness to reconsider" its position, Pl.'s Opp'n at 3, and as a general matter, claimants are immune from complying with "futile" or "inadequate" administrative remedies. Am. Compl. ¶ 33. Lohmann's position cannot be sustained, for he does not allege any facts to support the proposition that an effort to follow the required procedure would have been futile or inadeqaute.

Because Lohmann ignored the administrative remedies available to him, he lacks any basis to argue that the IRS would not have responded to, or taken delivery of, his claim. *Scott v. United States*, 416 F. Supp. 2d 116, 118 (D.D.C. 2006) (rejecting a claim of futility where no facts in complaint supported the plaintiff's assertion); *Glass v. United States*, 424 F. Supp. 2d 224, 229 (D.D.C. 2006) ("The mere 'probability of administrative denial' is insufficient to waive exhaustion.") (quoting *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 106 (D.C. Cir. 1986)). Lohmann's futility argument is therefore without merit. He also has no basis for asserting that the prescribed administrative procedure is inadequate. The pertinent IRS regulations accompanying § 7433 provide for the exact relief Lohmann seeks—money damages. *See* 26 C.F.R. § 301.7433-1(e) (providing that taxpayers may recover up to $1,000,000, or $100,000 in the case of negligence, in damages through the administrative process); *Glass*, 424 F. Supp. 2d at 227–28 (rejecting the plaintiff's argument that IRS regulations are inadequate). In sum, Lohmann has failed to exhaust his administrative remedies.

*B. Validity of IRS Regulations*

Perhaps sensing that his failure to adhere to the relevant IRS regulations might prove fatal to his complaint, Lohmann claims that § 301.7433-1(e) of the IRS regulations is invalid. *See* Pl.'s Opp'n at 12–16. This argument is unpersuasive.

In *Chevron, Inc., USA v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), the Supreme Court held that if a challenged governmental regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. *See id.* at 843–44. In the first step of a *Chevron* analysis, the court asks whether Congress has spoken clearly and directly on the issue.[4] *Id*. at 842–43. If the statutory text is indeed clear and direct, the court's inquiry ends there, as the court must defer to a statute's unambiguous plain language unless doing so would provide an absurd result. *Id.* (finding courts must "give effect to the unambiguously expressed intent of Congress"). However, if Congress has not spoken directly on the question at hand, the court proceeds to step two of the analysis. At this stage, the court defers to the agency's construction of a statute as long as it is a reasonable interpretation of the statutory text. *Id.* at 845.

Here, § 7433 does not set forth the specific administrative exhaustion remedies that it requires. Accordingly, the court must proceed to the second level of the *Chevron* analysis and

---

[4] *United States v. Mead*, *Corp.*, 533 U.S. 218 (2001), added an additional step to the *Chevron* analysis. Under *Mead's* pre-step 1, the court must ask whether Congress explicitly or implicitly delegated authority to the agency to make rules with the force of law. With respect to the instant case, Congress expressly delegated rule-making authority to the IRS, through the Secretary of the Treasury, to "prescribe all needful rules and regulations" to enforce the Internal Revenue Code. 26 U.S.C. § 7805(a); *see also Evans*, 2006 WL 1174481, at *3–4 (providing an in-depth discussion of the *Chevron* analysis with respect to IRS exhaustion procedures).

determine whether the IRS regulations are a reasonable interpretation of the statute's exhaustion provision. This court finds that the "[t]he simple procedure established by the IRS is undoubtedly a reasonable one." *Evans*, 2006 WL 1174481, at *4. Specifically, the regulations provide clarification on the statutory "requirement that administrative remedies be exhausted," 26 U.S.C. § 7433(d)(1), by setting up an uncomplicated procedure by which taxpayers seeking damages under the statute can bring an administrative claim. *See* 26 C.F.R. § 301.7433-1. Furthermore, the court agrees with the IRS that the six-month period taxpayers are required to wait after filing an administrative claim and before bringing an action in federal court is reasonable because it allows the IRS time to explore and hopefully resolve the claim without the need for litigation. Thus, the court finds that the regulations implementing § 7433's exhaustion provision are a valid exercise of the IRS's authority under the Internal Revenue Code.

## II.

Having determined that Lohmann failed to exhaust his administrative remedies, the court must next decide whether his complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure—as requested by the United States—or for failure to state a claim under Rule 12(b)(6). While the majority of cases that have dismissed similar complaints after finding a failure to exhaust have relied on Rule 12(b)(1), *see supra*, at n.2, at least two recent decisions have concluded that a failure to exhaust is not a jurisdictional bar to bringing a claim under § 7433 and instead dismissed the plaintiffs' suits under Rule 12(b)(6).

In *Turner v. United States*, 2006 WL 1071852 (D.D.C. Apr. 24, 2006) (Bates, J.), the court construed § 7433's exhaustion provision as non-jurisdictional, holding that the plaintiff's

failure to adhere to administrative exhaustion requirements constituted a defect in plaintiff's claims, but did not touch on jurisdictional issues. 2006 WL 1071852, at *3–4; *see also Masterson v. United States,* 2006 WL 1102802, at *2 (D.D.C. Apr. 26, 2006); *Evans*, 2006 WL 1174481, at *2. In arriving at this conclusion, the court relied heavily on guidance provided in *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235 (2006). There, the Supreme Court stated:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

126 S. Ct. at 1245 (citations omitted).

Applying the rule established in *Arbaugh* to § 7433(d)(1)'s exhaustion requirement, the court in *Turner* observed that the "provision [does] 'not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" 2006 WL 1071852, at *4 (quoting *Arbaugh*, 126 S. Ct. at 1245). The *Turner* court also noted that § 7433(d)(1)'s exhaustion requirement lies "within the statute's 'Limitations' subsection along with a provision imposing a two-year time bar on damages actions and another provision that permits reduction of awards to account for a plaintiff's failure to mitigate damages—two provisions that clearly are *not* jurisdictional." 2006 WL 1071852, at *4. This court agrees with the *Turner* court's analysis and dismisses Lohmann's complaint for failure to state a claim.[5]

---

[5] As has been previously mentioned, several courts have construed § 7433's exhaustion requirement to be jurisdictional, most of which were decided before *Arbaugh*. If the court were to agree and determine that § 7433's exhaustion requirement was jurisdictional in nature, the outcome would remain the same. *See, e.g.*, *Koerner*, 424 F. Supp. 2d at 217–18 (dismissing similar case for lack of jurisdiction). Prior to *Arbaugh*, the D.C. Circuit noted that where a statute contains "'[s]weeping and direct' statutory language indicating that there is no federal

## III.

       For the reasons set forth above, the United States' motion to dismiss amended complaint [#10] is granted. An appropriate order accompanies this memorandum.

                                                 Henry H. Kennedy, Jr.
                                                 United States District Judge

Dated: July 3, 2006

---

jurisdiction prior to exhaustion, or the exhaustion requirement is treated as an element of the underlying claim," the exhaustion requirement is a non-waivable predicate necessary for bringing suit in federal court. *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247–48 (D.C. Cir. 2004) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975)). As described above, § 7433 states explicitly that it is necessary for a plaintiff to exhaust her administrative remedies before she proceeds to the district court. Therefore, even if the court analyzed the issue under the framework provided by Rule 12(b)(1), Lohmann's claim would nevertheless be dismissed.